T.C. Memo. 2000-45

UNITED STATES TAX COURT

RICHARD DUNDORE AND VIRGINIA D'ANNA-DUNDORE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10934-98.                    Filed February 10, 2000.

Richard Dundore, for petitioners.

Michael D. Zima, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge D. Irvin Couvillion pursuant to Rules 180, 181, and 183.[1]
The Court agrees with and adopts the opinion of the Special Trial
Judge, which is set forth below.

_____

[1]     All Rule references are to the Tax Court Rules of
Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  Respondent issued a notice of final determination denying petitioners' claim to abate interest for their 1989 and 1990 tax years.  Petitioners filed a timely petition for review of that determination with this Court. The sole issue for decision is whether petitioners are entitled to an abatement of interest pursuant to section 6404(e).[2]

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners' legal residence at the time the petition was filed was Cape Coral, Florida.

Petitioners filed their 1989 and 1990 Federal income tax returns timely.  The Internal Revenue Service (IRS) thereafter commenced an examination of petitioners' 1989 and 1990 returns. Despite several attempts by an IRS agent to meet with petitioners with respect to their returns, petitioners ignored the requests. Petitioners were then issued a revenue agent's report, which they also ignored, and that was followed by issuance of a notice of deficiency.  In that notice, respondent determined deficiencies of $32,910 and $48,326 and accuracy-related penalties under section 6662(a) of $6,582 and $9,665, respectively, for

---

[2]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the periods involved.

petitioners' 1989 and 1990 tax years. Respondent determined that petitioners had substantial amounts of unreported income for both 1989 and 1990 as a result of respondent's shifting income from their closely held business entities to petitioners personally. Respondent also disallowed two dependency exemptions for 1989 and 1990, as well as all of petitioners' claimed itemized deductions, rental expenses, and depreciation deductions for 1989 and 1990 for lack of substantiation. Additionally, respondent determined that petitioners were liable for self-employment taxes and asserted an accuracy-related penalty under section 6662(b)(1).

Petitioners filed a petition on May 28, 1993, challenging respondent's determinations. The case was assigned docket No. 10789-93. Respondent thereafter filed an answer.

After the case was docketed, the IRS Appeals Office at Miami, Florida, on July 6, 1993, contacted petitioners by letter and advised that they would soon be contacted by an Appeals officer for a conference. That letter suggested to petitioners that they contact the Appeals Office either in writing or by telephone if they had any questions concerning their case. Petitioners did not respond to this letter. On November 30, 1993, an Appeals officer contacted petitioners by letter and suggested a meeting on January 24, 1994, at Ft. Myers, Florida, where petitioners resided. Petitioners responded to this letter on December 24, 1993, agreeing to the meeting with the Appeals

officer.  The January 24, 1994, meeting was held, and the parties discussed petitioners' case.  The Appeals officer described to petitioners the nature of respondent's determinations. Petitioners explained their position in the matter and produced a small amount of evidence to support their arguments.  The Appeals officer was not satisfied that petitioners had proven any error in respondent's determinations but indicated that he would review the matter and send petitioners a list of evidence they needed to produce to overcome respondent's determinations.

Nothing else transpired until July 5, 1994, when another Appeals officer advised petitioners by letter that the case had been reassigned to him because of workload considerations, suggested a meeting at the Appeals Office at Ft. Lauderdale possibly to settle the case, and provided his assessment of petitioners' case.  Petitioners responded that they could not meet on the suggested date and proposed a meeting at Ft. Myers, Florida, in September 1994.  The Appeals officer responded that he was not going to Ft. Myers until late October and suggested petitioners come to his Ft. Lauderdale office in late September or October 1994 to attempt settlement.

In the meantime, on August 5, 1994, the IRS office of District Counsel advised petitioners by letter that their case was calendared for trial at this Court's trial session at Miami, Florida, commencing December 5, 1994, and it was necessary that

the parties prepare stipulations for trial, as required by this Court's Rules of Practice and Procedure. The IRS attorney suggested that the parties meet or otherwise correspond by mail or telephone. Petitioners provided some of the information respondent's counsel had requested. Counsel telephoned petitioners for the additional information and suggested that they meet with an IRS agent near their home and, if necessary, counsel was available for a conference call during such a meeting. Petitioners did not comply with this request. The IRS counsel then prepared a proposed stipulation of facts that was forwarded to petitioners along with a request for production of documents. Petitioners thereafter met with an IRS agent on October 3, 1994, and presented their case according to the suggestions in the Appeals Officer's July 5 letter. As a result of the meeting, the Appeals officer was satisfied that some of the shifted items of income were properly allocable to petitioners' closely held business entities and not to petitioners personally. Further, the Appeals officer determined that petitioners were entitled to many of the claimed itemized deductions, rental expenses, and depreciation deductions. However, the Appeals officer was satisfied that respondent's remaining determinations were proper. Accordingly, the Appeals officer made petitioners a settlement offer proposing that respondent's determinations be adjusted to reflect deficiencies

and accuracy-related penalties of $40,165 rather than the $97,483 shown in the notice of deficiency. Petitioners, by letter, declined to accept the settlement proposal and explained that, while they agreed with some of respondent's adjustments, they still did not agree with many of the proposed adjustments.

The Appeals Office then advised petitioners that the case could not be settled and was being forwarded to respondent's counsel for trial preparation. Because petitioners had not signed the proposed fact stipulations and had not responded to the request for documents, counsel for respondent filed a motion and obtained an order that compelled petitioners to produce the requested documents and show cause why the proposed stipulations should not be accepted. Petitioners thereafter filed a motion for continuance, which was granted. Petitioners then employed an attorney who entered the case, and, over the next few months, the parties could not agree on settlement. The case was again calendared for trial on December 4, 1995, and, on that date, a basis for settlement was reached. A decision entered on December 20, 1995, provided that petitioners were liable for income tax deficiencies of $10,599 and $9,851 and penalties under section 6662(a) of $2,119.60 and $1,970.20, respectively, for 1989 and 1990. The decision was entered on December 20, 1995. Petitioners thereafter filed claims for abatement of interest on the deficiencies for both years, commencing from the date they

were first contacted by an IRS agent for the audit of their 1989 and 1990 returns, July 8, 1992, to the date the deficiencies were assessed, March 11, 1996.  The Commissioner denied petitioners' claims.  At trial, petitioners narrowed their request for abatement to the period between July 6, 1993, the date when they were first contacted by the IRS Appeals Office, to December 20, 1995, the date the decision was entered.

The Commissioner's authority to abate an assessment of interest involves the exercise of discretion, and this Court gives due deference to the Commissioner's discretion.  See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988).  However, this Court may order abatement where the Commissioner abuses his discretion. See sec. 6404(g);[3] Woodral v. Commissioner, supra.

Pursuant to section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income tax to the extent that any delay in payment is attributable to any error or delay caused by an officer or employee of the IRS (acting in an official capacity) in performing a ministerial act.[4]  However, an error or delay is

---

[3]     Sec. 6404(g) was redesignated sec. 6404(i) by the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, secs. 3305(a), 3309(a), 112 Stat. 743, 745.

[4]     In 1996, sec. 6404(e) was amended by sec. 301 of the
(continued...)

taken into account only if it occurs after the IRS has contacted the taxpayer in writing with respect to such deficiency or payment, and as long as no significant aspect of such error or delay can be attributed to the taxpayer. See sec. 6404(e)(1). Congress intended the Commissioner to abate interest under section 6404(e) "where failure to abate interest would be widely perceived as grossly unfair" but not that it "be used to routinely avoid payment of interest." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 844; S. Rept. 99-313, at 208 (1985), 1986-3 C.B. (Vol. 3) 208.

Petitioners claim that the delay in the consideration of their case was due to error or delay by employees of IRS, acting in their official capacity, in performing various ministerial acts.

The regulations provide, in pertinent part, that the term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion. See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg.

---

[4](...continued)
Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit the Secretary to abate interest attributable to an unreasonable error or delay resulting from managerial and ministerial acts. This amendment, however, applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996. This case involves petitioners' 1989 and 1990 tax years. Therefore, the amendment is inapplicable to the case at bar. See Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

30163 (Aug. 13, 1987).[5]  The regulations issued by the Secretary provide several examples of what does and does not constitute a ministerial act.

Petitioners argue that, after they received the letter from the IRS Appeals Office on July 6, 1993, they were not contacted for nearly 6 months regarding their case and did not have a meeting for another 2 months after they were finally contacted. Thus, petitioners contend that the interest that accrued for the time period between July 6, 1993, when they received their first letter from the Miami Appeals Office, and January 24, 1994, when they met with the Appeals officer, was attributable to the dilatory performance of a ministerial act by IRS employees.

The Court notes that the July 6, 1993, letter to petitioners provided them with the name and telephone number of a person to contact in the Miami Appeals Office in the event they had any questions or concerns about their case.  Petitioners acknowledged that they made no attempt to contact the Miami Appeals Office to schedule a meeting or voice any concerns over not having been contacted.  Although petitioners contend they desired an earlier

---

[5] The final Treasury regulation under sec. 6404 was issued on Dec. 18, 1998.  The final regulation contains the same definition of ministerial act as the temporary regulation.  See sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  The final regulation generally applies to interest accruing on deficiencies or payments of tax described in sec. 6212(a) for tax years beginning after July 30, 1996.  See sec. 301.6404-2(d)(1), Proced. & Admin. Regs.

appeals conference, their claim is not supported by their actual conduct as they made no attempt to schedule an earlier meeting.

Petitioners next contend that the Appeals officer took very unreasonable legal positions when they met on January 24, 1994. Petitioners claim they wished to settle the case at that meeting but were unable to do so because the Appeals officer took unreasonable positions. Petitioners did not have another meeting with an IRS employee until their October 3, 1994, meeting, which was suggested by respondent's counsel.

A decision concerning the proper application of Federal tax law is not a ministerial act. See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). Petitioners had not provided respondent with any documentary evidence relating to the adjustments to their 1989 and 1990 returns before the meeting on January 24, 1994. At that meeting the revenue agent explained to petitioners the nature of respondent's determinations and allowed petitioners to present their case. Based on petitioners' presentation, the Appeals officer was satisfied that respondent's determinations were correct. However, he agreed to take the case under further advisement to allow petitioners to produce additional evidence to support their claims. The Appeals officer's analysis of petitioners' case clearly required discretion and judgment in applying Federal tax law to the facts and circumstances of

petitioners' case.  Therefore, his acts did not constitute a ministerial act.  Since there was no erroneous or dilatory performance of a ministerial act, the Commissioner lacked the authority to abate interest for this period.

Finally, petitioners claim that, after their October 3, 1994, meeting with the IRS agent, the Appeals officer and respondent's attorney also took unreasonable positions in discussing settlement options and delayed in preparing for trial, causing petitioners to have their case continued and to hire an attorney to represent them.  Again, a decision concerning the proper application of Federal tax law is not a ministerial act. See sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).  The agent, the Appeals officer, and respondent's attorney continually attempted to settle petitioners' case.  The positions they took regarding the issues in petitioners' case were based on their application of Federal tax law to the facts and circumstances surrounding petitioners' case.  These actions required the exercise of discretion and judgment.  Moreover, petitioners' lack of cooperation and failure to respond to IRS counsel's requests for discovery necessitated that respondent resort to this Court for an order compelling petitioners to produce documentation and show cause why proposed stipulations should not be accepted.  Any delays caused by petitioners' decision to retain an attorney and to continue their

case were attributable to petitioners.  There was no erroneous or dilatory performance of a ministerial act by an officer or employee of respondent during this period and any delays perceived by petitioners during this period were of petitioners' own making.  Therefore, on this record, the Commissioner's refusal to abate interest was not an abuse of discretion under section 6404(e).  Respondent's determination is sustained.

<u>Decision will be entered for respondent</u>.